**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DUSTIN GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.   1:20-cv-2619 |
| | ) |
| DUSTIN M. SPEARS, and | ) |
| LANDSTAR INWAY, INC, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants, Dustin M. Spears and Landstar Inway, Inc. (collectively, "Landstar Defendants") by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby give notice of removal of this action from the Superior Court of Marion County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, and in support thereof state the following:

**Background**

1. On September 9, 2020, Plaintiff filed a Complaint for Damages in the Superior Court of Marion County, Indiana, under Cause No. 49D01-2009-CT-031107. (*See* Plaintiff's Complaint, the "Complaint.")

2. Plaintiff's Complaint alleges that on December 4, 2018, Plaintiff was involved in a commercial motor vehicle accident with Landstar Defendants in Marion County, Indiana, and that Plaintiff sustained injury and damages as a result of the accident. (*See* Complaint, ¶¶ 5-10.)

3. On September 21, 2020, the above-captioned Parties filed a Joint Stipulation of Dismissal Without Prejudice as to then defendant Landstar Ranger, Inc. under Indiana Trial Rule

41(A)(1). On the same day, the state court entered an order approving the Parties' stipulation and dismissed Landstar Ranger, Inc. from this action without prejudice. (*See*, Joint Stipulation of Dismissal, and Order dated September 21, 2020.)

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Superior Court of Marion County, Indiana, where this action is pending.

5. By filing this Notice of Removal, Landstar Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Landstar Defendants reserve the right to assert any defenses and objections to which they may be entitled.

6. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446, as set forth below.

### Removal is Timely

7. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added).

8. Landstar Inway, Inc. first received a copy of the Complaint for Damages, through its registered agent, on or about September 14, 2020, by certified mail postmarked September 11, 2020. Dustin Spears has not yet been served.

9. Because Landstar Defendants are filing this Notice on October 8, 2020, within thirty (30) days after Landstar Inway, Inc. received a copy of the Complaint, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

10. Plaintiff, Dustin Graham, is a citizen of the State of Indiana.

11. Defendant, Dustin M. Spears, is a citizen of the State of Illinois.

12. Defendant, Landstar Inway, Inc., is a citizen of the State of Delaware and the State of Florida, as it is incorporated under the laws of the State of Delaware and maintains its principal place of business in Florida.

13. The controversy in this action is therefore entirely between citizens of different states of the United States, and Landstar Defendants desire to remove said cause from the Superior Court of Marion County, Indiana, to the United States District Court for Southern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## The Amount In Controversy Requirement is Satisfied

14. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it

is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

15. In a phone communication on September 16, 2020, Plaintiff's counsel advised Landstar Defendants' counsel that the amount in controversy in this cause exceeds $75,000, exclusive of interest and costs.

16. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

### Removal is Appropriate

17. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Landstar Defendants attach as Exhibit "A" all pleadings, motions, orders, and all other filings filed in the state court, in compliance with 28 U.S.C. §§ 1446(a).

19. Attached hereto as Exhibit "B" is a copy of Plaintiff's Complaint.

20. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Superior Court of Marion County, Indiana pursuant to 28 U.S.C. § 1446(d).

21. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing this Notice of Removal.

22. A copy of Landstar Defendants' Notice to Plaintiff and Clerk of the Marion County Superior Court of Landstar Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit "B."

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

        *s/ Erin A. Clancy*
        Erin A. Clancy, I.D. No. 21962-49
        211 N. Pennsylvania St., Suite 300
        Indianapolis, IN  46204
        Tel (317) 638-4521
        Fax (317) 636-5917
        E-mail eclancy@k-glaw.com
        *Attorney for Defendants, Dustin M. Spears*
        *and Landstar Inway, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2020, the foregoing was served upon the following via the Court's electronic filing/notification system, as follows:

    Matthew E. Dumas, #24596-49
    HOSTETTER ASSOCIATES
    515 Green Street, Ste 200
    Brownsburg, IN 46112
    (Phone) 317.852.2422
    matt@hostetterlegal.com
    *Attorney for Plaintiff*

        *s/ Erin A. Clancy*
        Erin A. Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
Eclancy@k-glaw.com